GEORGE LAWRENCE vs. JOHN L. FLETCHER.

When a mortgagor signs a certificate, on the mortgage deed, stating that the mortgagee has made an entry on the mortgaged premises, for breach of the condition of the mortgage, he cannot afterwards be permitted to deny that possession was given upon the premises.

The mere receipt, by a mortgagee, after a mortgage is foreclosed, of a part of the money secured by the mortgage, does not, of itself, without other evidence, prove the intention of the parties to waive the foreclosure.

BILL IN EQUITY to redeem a small tract of land in Littleton. At a former term, (see 8 Met. 153 – 166,) it appeared that the plaintiff, in November 1826, mortgaged the land to Pliny Blanchard, who assigned the mortgage, in August 1830, to the trustees of the United Society in Harvard ; that said trustees, (as appeared by the acknowledgment of the plaintiff, expressed in writing, under his hand, on the mortgage deed,) on the 3d of April 1834, made open and peaceable entry upon the land, in the presence of two witnesses, with the consent of the plaintiff, for the purpose of foreclosing the plaintiff's right of redemption ; that they (as they averred) held peaceable possession of the land for the purpose aforesaid, for the space of three years next ensuing, and until the 30th of April 1840, whereby the plaintiff's said right was forever foreclosed ; and that they, on the day last mentioned, conveyed the land to the defendant, to have and to hold the same to him and his heirs and assigns forever.

After the decision of several questions first raised on the bill, answer and agreed facts, the case was continued, to ascertain whether the said trustees had such a continued possession of the mortgaged premises as is required by statute in order to perfect a foreclosure ; and also, if the mortgage was foreclosed, to give the parties an opportunity to prove facts in regard to payments made by the plaintiff after the foreclosure ; to ascertain the value of the mortgaged premises, and the amount due at the time of foreclosure ; so as to enable the court to judge whether the facts furnished evidence of an agreement, between the said trustees and the

Lawrence *v.* Fletcher.

plaintiff, to open the foreclosure and give the plaintiff further time to redeem, with liberty to add new parties to the bill.

Evidence was taken by both parties ; but as the result of that evidence is stated in the opinion of the court, it is unnecessary to set it forth at large. The following is all that need be here inserted :

Jonathan Chandler, one of the trustees of the United Society in Harvard, testified that he, as trustee, received of the plaintiff, after April 3d 1837, $10 "as interest on the note secured by mortgage, for which no receipt was given."

Two other witnesses testified that the plaintiff, shortly after the 3d of April 1837, applied to Simon T. Atherton, one of said trustees, and stated to him that the time of redemption had expired, but that he wished a month's extension, and said he thought, in that time, he could get the money and satisfy the demand; that Atherton told him, if he would bring the money within one month, he (Atherton) would do no more about it; otherwise, he should hold the premises agreeably to the writing on the back of the mortgage ; and that the plaintiff, in about a month, came again to Atherton, and wished a further extension until August.

*Mellen & B. Russell,* for the plaintiff. The evidence shows a waiver of the foreclosure, as a matter of law. It was early settled that an action would lie, after foreclosure, to recover the balance due, after deducting the value of the land. *Amory* v. *Fairbanks*, 3 Mass. 562. And the Rev. Sts. *c.* 107, § 33, give a right to redeem when such action is brought. *A fortiori*, the same result should follow, in case of a voluntary payment by the mortgagor, after foreclosure. The case of *Deming* v. *Comings*, 11 N. Hamp. 474, is precisely in point, and covers this case. See also *Dexter* v. *Arnold*, 3 Sumner, 159. 3 Pow. Mortg. (Rand's ed.) 1002. *Dashwood* v. *Blythway*, 1 Eq. Cas. Ab. 317.

In *Fay* v. *Valentine*, 12 Pick. 40, the decision against the plaintiff's right to redeem proceeded on the ground that he had said he should not redeem, and thereby had waived, though by parol only, his right so to do ; showing that a party

may, in some cases, part with his right in real estate, without deed or writing. The same principle was held in *Clement* v. *Durgin*, 5 Greenl. 9, and *Seymour* v. *Carter*, 2 Met. 520. See also *Botham* v. *M'Intier*, and *Thayer* v. *Wadsworth*, 19 Pick. 346, 349.

*Farley*, for the defendant. This mortgage was foreclosed in 1837, by lapse of time. In England and in some of the States of the Union, an act in chancery is necessary to a foreclosure; so that the adjudged cases there do not apply in this State, where, by statute, lapse of time forecloses, and vests the absolute estate in the mortgagee. The estate, so vested, must be devested by some legal conveyance. But if this were not so, yet the payment made to and received by Chandler, one only of the trustees, could not devest the estate, as he had no authority to devest it.

The error arises from Chandler's having stated that the money was received towards payment of the note. It was, in fact, nothing more than a reasonable rent paid by the plaintiff, who remained in possession after foreclosure, as tenant of the assignees of the mortgage, till they conveyed to the defendant.

The Rev. Sts. *c.* 107, § 33, imply that a foreclosure can be opened only in the case there mentioned. But the defendant's chief reliance is on the doctrine that a parol agreement cannot affect the title to real estate. The case of *Fay* v. *Valentine*, cited for the plaintiff, decided merely that the plaintiff should not have the aid of the court to effect his own fraud. See 4 Kent Com. (3d ed.) 182 – 184.

If the plaintiff, since the foreclosure, has paid money on an understanding that it was to reduce the mortgage debt, and the holders of the mortgage have received more than their debt, he may recover it back. But if the agreement was, that he might redeem in a month, then it is his own fault that he did not, and he can recover back nothing.

HUBBARD, J. Upon examination of the evidence, we are satisfied that possession was duly taken of the estate by the mortgagees. Whether that possession was actually given on

the land or not — concerning which the plaintiff has made a question — is not now open to inquiry; because we are of opinion that the agreement, made and entered on the back of the mortgage deed, and signed by the mortgagor, not being impeached, is conclusive evidence as to the entry on the premises for the purpose of foreclosure.

As to the continuance of possession by the mortgagees, during the three years required by the statute to perfect the foreclosure, we think the testimony is satisfactory to prove such continued possession, and that the mortgagor was the tenant of the mortgagees, and that the rent was to be equal to the accruing interest on the debt during the tenancy.

On the point whether the facts proved in respect to payments, after the lapse of the three years, furnish evidence of an agreement to open the mortgage, we are satisfied they do not. We cannot agree with the opinion expressed in *Deming* v. *Comings*, 11 N. Hamp. 474, that a mere receipt of a part of the money, after the foreclosure, is evidence of a waiver of the foreclosure. It is not, in our judgment, a fact which, in itself, without other evidence, proves the intention of the parties to open the mortgage. It is in evidence that, after the mortgage was admitted by the mortgagor to be foreclosed, he requested the mortgagees to give him one month more in which to pay the amount of the note, and that they assented to it. This executory agreement was not such a proceeding as to affect the previous acts of the parties, but was a limited extension of the time within which, if the mortgagor had paid the debt, he would, by force of such agreement, have been entitled, in equity, to a reconveyance of the estate; or, the mortgagor being in possession after such payment, the mortgagees might have been enjoined from proceeding against him at law. But on the expiration of the time, if the payment was not made, the right of the mortgagee to hold the estate in fee simple would remain unimpaired. In the present case, the money was not paid, and the mortgagees were under no obligation, legal or equitable, to reconvey the estate.

As to the amount due on the note, the plaintiff has furnished no evidence ; but from the testimony introduced by the defendant, we think the evidence preponderates, that about the principal of the note was unpaid when the mortgagees entered to foreclose ; that no interest was paid during the three years when the plaintiff was in possession as tenant under the mortgagees, and that the subsequent payments, after foreclosure, will not much, if any, exceed the amount of interest then due, as an equivalent for the rent. And as to the value of the estate, we think the sum received for it from the defendant was the true value.

In whatever way, then, we consider the case, we think there are no facts proved, that entitle the plaintiff to the relief sought by the bill, and that the defendant is the *bona fide* purchaser of the estate, for value, and is entitled to hold it free of any claim from the plaintiff.